**STATE OF VERMONT**
**ENVIRONMENTAL COURT**

|  |  |  |
|---|---|---|
| | } | |
| Appeal of Rivers Development, LLC | } | Docket No. 7-1-05 Vtec |
| Rivers Development Act 250 Land Use | } | |
| Application | } | Docket No. 68-3-07 Vtec |
| | } | |

**Decision on Motions Related to Party Status**
**& Consolidation**

These appeals arise out of Rivers Development, LLC's (Rivers) applications to develop and operate a rock quarry and crushed rock processing facility on a 93± acre parcel in the Town of Moretown. In Docket No. 7-1-05 Vtec, Rivers appealed a decision of the Town of Moretown (Town) Development Review Board dated December 10, 2004;[1] several individuals and entities filed cross-appeals. In Docket No. 68-3-07 Vtec, Rivers appealed a decision of the District #5 Commissioner dated January 19, 2007; several individuals and entities also filed cross-appeals.

Now pending before the Court are several motions. Rivers has filed a three motions: (1) a motion to re-activate the municipal appeal (Docket No. 7-1-05 Vtec) and consolidate it with the now-pending Act 250 appeal (Docket No. 68-3-07 Vtec); (2) a motion to dismiss several individuals and entities; and (3) a motion for summary judgment on Question 11 of the Statement of Questions filed by a group calling itself the "Neighbors."[2]

The Neighbors have filed a motion for party status and, in the alternative, a motion to intervene.

Appellant Rivers is represented by James A. Caffry; the Town is represented by Ronald A. Shems; the Neighbors are represented by David Grayck; and the following individuals, groups or entities represent themselves: Mark and Priscilla Case, James and Willow Falkenbush, Patrick Quimby, Shepard's Flats Group, Bikers/Walkers Safety 100B Group, Common Road Area Group, Moretown Village Action Association, Moretown Elementary School Board, Mark

---

[1] This older docket was placed on inactive status as of February 7, 2007. We address below the request to reactivate this older docket and consolidate it with the now-pending Act 250 appeal:, Docket No. 68-3-07 Vtec.

[2] The Neighbors are Thomas Allen, Jack Byrne, Virginia Farley, Doug Hall, Cindy Hall, Robert Dansker, June Holden Life Estate, Rick Hungerford, Rita LaRocca, Robert McMullin, Beverly McMullin, John Porter, Sandy Porter, Scott Sainsbury, Patricia Sainsbury, Benjamin Sanders, Denise Sanders, Karen Sharpwolf, Ruth van Heuven, Marten van Heuven, Wichard van Heuven, Constance van Heuven, and Arthur and Linda Hendrickson.

Pfister, Patricia LaBarge, Edith T. Drury, Ray Holland, Laura Grala, William Brubeil, Roger Quirion, Sharon Cote, Susan Wallace, Barbara Buska, Donald Buska, William and Michelle Durrell, Mary and Tim Larson, the North End Group, Carolyn Friberg, Carl Yalicki, Mary Ronner, John Gallagher, Elizabeth Porter, Jacqueline Sainsbury, Tracy Holden, Holly A. Holden, and Pamela Holden.

In the course of reviewing the pending motions, we concluded that our determinations, particularly affecting party status, would best be expressed in a chart format, particularly for ease of reference in future conferences and at the merits hearing where necessary. We therefore have prepared the attached chart and incorporate it here for reference so as to provide notice of our determinations on the pending motions and the basis for such rulings.

As reflected in the appended chart, and for the reasons stated therein, Rivers' motion to dismiss is **GRANTED** in part and **DENIED** in part; Rivers' motion for summary judgment is **GRANTED** in part and **DENIED** in part; the Neighbors' motion for party status is **GRANTED** in part and **DENIED** in part; and the Neighbors' motion to intervene is **DENIED**. Rivers' motion to re-activate Docket No. 7-1-05 Vtec and consolidate it with Docket No. 68-3-07 Vtec is hereby **GRANTED**.

The parties should note, for future reference, that pursuant to V.R.E.C.P. 2(d)(1), all parties, including unrepresented parties, must attend all conferences, unless excused in advance by the Court. This matter shall now proceed through the pre-trial phase for each appeal. A Scheduling Order regarding mediation accompanies this Interim Decision.

Done at Berlin, Vermont this 3rd day of July, 2007.

_____
Thomas S. Durkin, Environmental Judge

**Rivers Development, LLC, Docket Nos. 68-3-07 Vtec and 7-1-05 Vtec**

**Party Status Chart**

| Motion for Party Status/Motion to Intervene (68-3-07) | | Disposition |
|---|---|---|
| Thomas Allen | 10 V.S.A. § 6086(a)(5) (traffic) and (9)(K) (development) | • Motion for Party Status (MPS) GRANTED as to § 6086(a)(5) because he resides on Route 100B where trucks would pass and he bikes and walks along the road.<br>• MPS DENIED as to (9)(K) because he does not assert that he personally will be affected, only that the general public will be affected.<br>• Motion to Intervene (MI) DENIED as to (a)(5) as moot and as to (9)(K) for same reason as MPS. |
| Jack Byrne & Virginia Farley | § 6086(a)(2) (sufficient water supply), (a)(6) (educational services), (a)(7) (govt'l servs.), (9)(A) (impact of growth), (9)(H) (cost of devel.), and (9)(K) (effect on public investments) | • MPS DENIED as to § 6086(a)(2) because quarry well is not certain and no offer of proof regarding groundwater flow.<br>• MPS DENIED as to (a)(6) because their alleged injury is based on a decreased tax valuation leading to decreased educational services, which is too attenuated.<br>• MPS DENIED as to (a)(7) because argument about decreased tax base is too attenuated.<br>• MPS DENIED as to (9)(A) because no showing that quarry will affect/not affect future population growth and how they would be aggrieved personally.<br>• MPS DENIED as to 9(H) because no showing that cost of quarry to Town would outweigh tax revenue and how that would directly impact them.<br>• MPS GRANTED as to (9)(K) because of investment that they have made in cultivating lands along Rte. 100B and because they use the road for biking/walking.<br>• MI DENIED as to (9)(K) as moot and DENIED as to (a)(2), (a)(6), (a)(7), (9)(A), and (9)(H) for same reasons as MPS. |

| Doug & Cindy Hall | § 6086(a)(1) (air) and (9)(E) (extraction of resources) | • MPS GRANTED as to § 6086(a)(1) because of proximity of site to residence and concerns regarding alleged airborne carcinogens that might affect them at their residence.<br>• MPS DENIED as to (9)(E) because criterion relates to impacts to environment/land uses, not to noise impact.<br>• MI DENIED as to (a)(1) as moot and DENIED as to (9)(E) for same reasons as MPS. |
|---|---|---|
| June Holden Life Estate | § 6086(a)(8)(A) (wildlife habitat) and (9)(K) | • MPS GRANTED as to § 6086(8)(A) because hunting is allowed during spring (turkey) and fall (deer) on their land and habitat may be impacted both by traffic and noise.<br>• MPS DENIED as to 9(K) because their alleged interest relates to traffic, not endangering public investments; no showing of impact upon investment in Route 100B.<br>• MI DENIED as to (8)(A) as moot and DENIED as to 9(K) for same reasons as MPS. |
| Rick Hungerford | § 6086(a)(5) (traffic) and (8) (aesthetics) | • MPS GRANTED as to § 6086(a)(5) because he uses Route 100B at quarry entrance to walk and bike.<br>• MPS GRANTED as to (8) because of alleged injury to scenic value of Route 100B.<br>• MI DENIED as moot. |
| Robert & Beverly McMullin | § 6086(a)(9)(H) (costs of scattered development) | • MPS DENIED as to § 6086(a)(9)(H) because alleged interest is that horse farm would not be able to operate, decreasing property value and shifting tax burden to other residents, which is too attenuated.<br>• MI DENIED for same reasons as MPS. |

| John & Sandy Porter | § 6086(a)(1)(B) (waste), (1)(E) (streams), (1)(F) (shorelines), (2) (water supply), (4) (erosion), (6) (educational services), (7) (munic. servs.), (9)(A) (impact of growth), (9)(H) (costs of devel.), and (9)(K) (public investments) | <ul><li>MPS DENIED as to § 6086(a)(1)(B) because no offer of proof as to groundwater flow.</li><li>MPS DENIED as to (1)(E) because concern about stream flow into Mad River causing overflowing is too attenuated.</li><li>MPS DENIED as to (1)(F) because concerns related to Mad River flooding/erosion are too attenuated due to quarry location.</li><li>MPS DENIED as to (2) because concern that quarry well-drilling could affect their well is too speculative; no offer of proof re groundwater flow.</li><li>MPS GRANTED as to (4) because quarry development could increase surface water flow (due to removal of vegetation); erosion is already a problem.</li><li>MPS DENIED as to (6), (7), (9)(A), and 9(H) because property value argument is too attenuated and not addressed in this criterion.</li><li>MI DENIED as to (4) as moot; DENIED as to (1)(B), (1)(E), (1)(F), (2), (6), (7), (9)(A) and 9(H) for same reasons as MPS.</li></ul> |
|---|---|---|
| Scott & Patricia Sainsbury | § 6086(a)(1)(B) (waste), (1)(C) (water conservation), (1)(E) (streams), (1)(F) (shorelines), (3) (burden on water supply), (4) (erosion), (6) (educ. services), (7) (munic. services), (9)(A) (impact of growth), and (9)(K) (public investments) | <ul><li>MPS DENIED as to § 6086(a)(1)(B) and (3) because no offer of proof regarding groundwater flow.</li><li>MPS DENIED as to (1)(C) because criterion relates to water conservation, not water quality.</li><li>MPS DENIED as to (1)(E), (1)(F), and (4) because concerns related to Mad River flooding are too attenuated.</li><li>MPS DENIED as to (6), (7), and 9(K) because concerns are too generalized.</li><li>MPS DENIED as to (9)(A) because concerns regarding impact of growth are too speculative.</li><li>MI DENIED as to (1)(B), 1(C), 1(E), 1(F), (4), (6), (7), (9)(A), (9)(K) for same reasons as MPS.</li></ul> |

| | | |
|---|---|---|
| Benjamin & Denise Sanders | § 6086(a)(1)(F) (shorelines), (6) (educ. services), (7) (munic. services), (8)(A) (wildlife), (9)(A) (impact of growth), (9)(H) (devel. costs), and (9)(K) (public investments) | • MPS GRANTED as to § 6086(a)(1)(F) because they use the river in front of their home for recreation.<br>• MPS DENIED as to (6), (7), (9)(A) and (9)(H) because interest is too attenuated and tax base argument is too attenuated and speculative.<br>• MPS GRANTED as to (8)(A) because they have wildlife on their property throughout the year that may be impacted by quarry.<br>• MPS DENIED as to (9)(K) because concerns relate to aesthetics, not public investment in government lands/facilities.<br>• MI DENIED as to 1(F) and 8(A) as moot; DENIED as to (6), (7), (9)(A), (9)(K) and 9(H) for same reasons as MPS. |
| Karen Sharpwolf | § 6086(a)(1) (water/air), (5) (congestion-highways), (6) (educ. services), and (9)(E) (extraction of resources) | • MPS GRANTED as to § 6086(a)(1) because of concerns about airborne dust affecting her on her property.<br>• MPS DENIED as to (5) because concern is with noise of traffic, not traffic itself.<br>• MPS DENIED as to (6) because tax base argument is too attenuated.<br>• MPS GRANTED as to (9)(E) because of potential impact on use/enjoyment of her property.<br>• MI DENIED as to (a)(1) and 9(E) as moot; DENIED as to (5) and (6) for same reasons as MPS. |
| Arthur & Linda Hendrickson | § 6086(a)(1)(D) (floodways) and (9)(A) | • MPS GRANTED as to § 6086(a)(1)(D) because of current run-off from quarry property onto their property; concerns re quarry on run-off.<br>• MPS DENIED as to (9)(A) because decrease in tax base is too attenuated.<br>• MI DENIED as to (1)(D) as moot; DENIED as to (9)(A) for same reason as MPS. |
| | | |

| Motion to Intervene Only (68-3-07) (all of the following granted party status by the District Commission on some criteria, but not others) | Disposition |
|---|---|
| Robert Dansker (D.C. granted party status on § 6086(a)(1) (Air), (5) (highways), (8) (aesthetics), (9)(E) (extraction of resources) and (10) (town plan); denied on (6) (educ. services) and (7)(munic. services)) | DENIED because there has been no showing that the requirements of 10 V.S.A. § 8504(n)(1), (4), or (6) have been met. |
| Rita LaRocca (D.C. granted party status on 8 (aesthetics) and 10 (town plan); denied on 1 (air), 6 (educ. services), 9(A) (impact of growth) and 9(E) (extraction)) | DENIED because there has been no showing that the requirements of 10 V.S.A. § 8504(n)(1), (4), or (6) have been met. |
| Marten & Ruth van Heuven (D.C. granted party status on 8 (aesthetics) and 10 (town plan); denied on 1 (air), 5 (highways), 6 (educ. services), 9(A) (impact of growth), 9(H) (costs) and 9(K) (public investments)) | DENIED because there has been no showing that the requirements of 10 V.S.A. § 8504(n)(1), (4), or (6) have been met. |
| Wichard & Constance van Heuven (D.C. granted party status on 8 (aesthetics) and 10 (town plan); denied on 1 (air) and 9(E) (extraction of resources)) | DENIED because there has been no showing that the requirements of 10 V.S.A. § 8504(n)(1), (4), or (6) have been met. |
| | |
| Motion to Dismiss (7-1-05) | Disposition |
| Mary Ronner | GRANTED. Ms. Ronner's mail has been returned to the Court as undeliverable, she did not appear at the status conference and did not file any response to the motion to dismiss. |
| James & Willow Falkenbush | GRANTED. The Falkenbushes did not appear at the status conference and did not file any response to the motion to dismiss. |
| Mark & Priscilla Case | GRANTED. The Cases did not appear at the status conference and did not file any response to the motion to dismiss. |
| Edith Drury | MTD withdrawn |
| Shepherd's Flats and Neighbors | GRANTED. This group no longer contains ten people with standing pursuant to 24 V.S.A. § 4465(b)(4). Group members should note that they may file individual motions to intervene should they wish to continue to participate in this appeal. |
| Common Road Area Group | MTD withdrawn |
| Patrick Quimby | DENIED. Although Mr. Quimby didn't appear at the status conference, there is no evidence that he should lose party status. |

| | |
|---|---|
| Moretown Village Action Ass'n | MTD withdrawn |
| Moretown Elementary School Board | DENIED. Although the Board did not appear at the status conference, there is no evidence that it should lose party status. |
| Mark Pfister[3] | DENIED. Although Mr. Pfister did not appear at the status conference, there is no evidence that he should lose party status. |
| Patricia LaBarge[4] | DENIED. Although Ms. LaBarge did not appear at the status conference, there is no evidence that she should lose party status. |
| Ray Holland[5] | DENIED. Although Mr. Holland did not appear at the status conference, there is no evidence that he should lose party status. |
| Laura Grala[6] | DENIED. Although Ms. Grala did not appear at the status conference, there is no evidence that she should lose party status. |
| William Brubeil[7] | DENIED. Although Mr. Brubeil did not appear at the status conference, there is no evidence that he should lose party status. |
| Roger Quirion[8] | DENIED. Although Mr. Quirion did not appear at the status conference, there is no evidence that he should lose party status. |
| Sharon Cote[9] | DENIED. Although Ms. Cote did not appear at the status conference, there is no evidence that she should lose party status. |
| Susan Wallace | GRANTED. Ms. Wallace's mail has been returned to the Court as undeliverable, she did not appear at the status conference and did not file any response to the motion to dismiss. |
| Barbara Buska[10] | DENIED. Although Ms. Buska did not appear at the status conference, there is no evidence that she should lose party status. |
| Donald Buska[11] | DENIED. Although Mr. Buska did not appear at the status conference, there is no evidence that he should lose party status. |

---

[3] Mr. Pfister claims membership in the Cob Hill/Stevens Brook Group, which never filed a notice of appearance in Docket No. 7-1-05. However, the group members all entered their appearances as individual cross-appellants. Therefore, their request to join the Shepherd's Flats group is DENIED because each member of the Cob Hill/Stevens Brook Group has party status individually.

[4] See note 1, supra.

[5] See note 1, supra.

[6] See note 1, supra.

[7] See note 1, supra.

[8] See note 1, supra.

[9] See note 1, supra.

[10] See note 1, supra.

[11] See note 1, supra.

| William & Michelle Durrell | GRANTED. The Durrells did not appear at the status conference and have filed no response to the motion to dismiss. |
|---|---|
| Mary & Tim Larson | GRANTED. The Larsons did not appear at the status conference and have filed no response to the motion to dismiss. |
| Martin van Heuven | DENIED. Mr. van Heuven's wife Ruth appeared at the status conference and they are listed as one Interested Person. |
| Carolyn Friberg | GRANTED. Ms. Friberg did not appear at the status conference and has filed no response to the motion to dismiss. |
| Carl Yalicki | GRANTED. Mr. Yalicki did not appear at the status conference and has filed no response to the motion to dismiss. |
| John Gallagher | DENIED. Although Mr. Gallagher did not appear individually, he apparently attempted to participate through a representative of the Common Road Area Group and there is no evidence he should lose party status. |